UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Verdell and Julie Franklin

|  |  |
|---|---|
| Plaintiffs, | Case No. |
| v. | Hon. |
|  | United States District Judge |
| Richard M. "Rick" Beaudin, Mary Kay Ikens, The Michigan Group, Inc – Livingston d/b/a RE/MAX Platinum, and Dominick Comer & Associates, Incorporated d/b/a KW Realty Livingston, | Hon. |
|  | United States Magistrate Judge |
| Defendants. |  |

_____

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, REQUEST FOR JURY DEMAND

Plaintiffs Verdell and Julie Franklin, by and through their attorneys, PITT, McGEHEE, PALMER BONANNI & RIVERS, complain against Defendants as follows:

### I.  THE PARTIES

1.     Plaintiffs Verdell and Julie Franklin are a married couple who live in Maumee, Ohio.

2.     Defendant Richard M. "Rick" Beaudin is a licensed Real Estate Salesperson in the State of Michigan, license number 6501292587, who is

believed to live and work in Livingston County, Michigan.

3.     Defendant Mary Kay Ikens is a licensed Real Estate Salesperson in the State of Michigan, license number 6501344306, who is believed to live and work in Livingston County, Michigan.

4.     Defendant The Michigan Group, Inc. – Livingston d/b/a RE/MAX Platinum is a domestic for-profit corporation with its principal location of business in Livingston County, Michigan.

5.     Defendant Dominick Comer & Associates Incorporated d/b/a KW Realty Livingston is a domestic for-profit corporation with its principal location of business in Livingston County, Michigan.

## II.  JURISDICTION AND VENUE

6.     The instant action arises under the Fair Housing Act of 1968 as amended, 42 U.S.C. §§ 3601 *et seq.* ("FHA") and 42 U.S.C. §§ 1982, 1985, 1986, and 1988; therefore, the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

7.     Plaintiffs reside in Ohio, Defendants reside in Michigan, and the matter in controversy exceeds $75,000, exclusive of fees and costs; therefore, this Court has original jurisdiction over all claims pursuant to 28 U.S.C. § 1332.

8.     The events alleged herein all transpired in Livingston County, Michigan, which is in the Eastern District of Michigan, and Defendants all reside

in the Eastern District of Michigan; therefore, venue is proper pursuant to 28 U.S.C. § 1391.

### III. COMMON ALLEGATIONS

9.     Verdell and Julie Franklin are a married couple of 30 years with two sons, ages 21 and 19.

10.     Verdell Franklin is an African American man and U.S. Citizen.

11.     Julie Franklin is a White woman. and permanent resident alien.

12.     Verdell Franklin is employed full-time as the Chief Financial Officer of the Toledo Fire Department in Toledo, Ohio, where he has been employed for over 29 years.

13.     Julie Franklin is employed full-time as a Certified Registered Nurse Anesthetist.

14.     The Franklins have close friends who own a house on Zukey Lake, which is in the County of Livingston, Michigan, in Hamburg Township near Pinckney, Michigan.

15.     The Franklins' close friends are white.

16.     For approximately 10 years, the Franklins have visited with their friends at their house on Zukey Lake.

17.     Based on the experiences visiting their friends' home on Zukey Lake, the Franklins made plans to buy their own house on the lake.

3

18.     According to the 2019 US Census estimates, Hamburg Township has a population of 21,794 people, of which 97.6% are white and .5% are African American.

19.     Upon information and belief, currently there are no African American home owners on Zukey Lake.

20.     Upon information and belief, there has never been an African American home owner on Zukey Lake.

21.     It is rare for houses on Zukey Lake to come up for sale; indeed, less than one house a year is put on the market.

22.     On September 3, 2020, the house at 9934 Zukey Drive, a home located close to the Franklins' friends, appeared as a new for-sale real estate listing.

23.     The Franklins' friends saw the real estate posting by Rick Beaudin on a Zukey Lake Facebook group and immediately shared it with the Franklins.

24.     Defendant KW Realty Livingston was the listing real estate agency, with its agent Defendant Rick Beaudin representing the sellers.

25.     On the morning of September 4, 2020, Julie Franklin contacted the phone number in the listing to ask for a showing.

26.     Shortly after, real estate agent Defendant Mary Kay Ikens returned Julie Franklin's call to organize a showing.

4

27.    The property was listed for sale at $350,000.

28.    The listing contained no conditions such as being sold "as is" or requiring an all-cash offer.

29.    That same day, September 4, 2020, Defendant Ikens sent Julie Franklin a text message confirming a showing scheduled for 2 pm that day.

30.    Upon information and belief, Plaintiffs were the first potential buyers to view the property.

31.    At approximately 2 pm, the Franklins, along with their friends, toured the 9934 Zukey Drive house with Defendant Ikens.

32.    Defendant Ikens was aware that Verdell Franklin is African American and that Julie Franklin is white.

33.    The ordinary custom and practice of a real estate agent when showing a potential buyer a home is to inquire about the potential buyer's qualifications and financial ability to purchase the home.

34.    During the showing, Ikens demonstrated no interest in the Franklins as potential buyers:

   a.    she did not ask them about their occupations; and

   b.    she did not otherwise gauge either their level of interest in purchasing or their qualification to purchase a second home at this price.

5

35.    At approximately 2:30, toward the end of the showing, the Franklins informed Ikens that they wished to put an offer on the house immediately.

36.    Ikens reacted in an awkward way and instead of immediately following through with the Franklins to process and present the offer, she informed the Franklins and their friends that she had to show her friend a home nearby.

37.    The Franklins waited at their friends' home for Ikens to return, but she took far longer than she had suggested she would.

38.    When it got to be 4 pm, the Franklins texted Ikens to ask her what had happened, as they wished to put in their offer and head back home.

39.    Receiving no reply to this text message, the Franklins called Ikens, and she answered, "I am on my way back and I have talked to my boss and have more information about the property."

40.    When Ikens returned, she informed the Franklins that she had spoken with her "boss," whom she identified as Defendant Rick Beaudin.

41.    Defendant Beaudin was the listing agent on this property, and at the time he and Ikens worked for different real estate agencies.

42.    As the Franklins talked with Ikens, they prepared and signed a standard purchase agreement dated September 4, 2020 that was pre-filled with

Ikens and RE/MAX Platinum's information as the selling agent and office, and Defendant Rick Beaudin and KW Realty Livingston's information as the listing agent and office.

43.     The Franklins entered on this purchase form $300,000 as the offer and made clear to Ikens that this was a "starting" offer and that they were prepared to pay more.

44.     However, Ikens informed the Franklins that unless the Franklins were willing to offer the asking price of $350,000, that Beaudin would continue to show the house all weekend and the Franklins' offer would be ignored by the sellers.

45.     At the time that Ikens told the Franklins that unless they were willing to offer the asking price of $350,000, in cash, that their offer would be ignored by the sellers, she knew that the statement was false.

46.     Ikens told the Franklins this false information to dissuade them from making an offer on the home because of their race.

47.     Ikens further informed the Franklins that the sellers were insisting on an "as-is" sale—that is, no inspection prior to purchase.

48.     At the time that Ikens told the Franklins that the sellers were insisting on an "as-is" sale, she knew the statement was false.

49.     Ikens told the Franklins this false information to dissuade  them

from making an offer on the home because of their race.

50.   Ikens informed the Franklins that their offer would go in a pile to be ignored, while only higher, cash offers would be considered.

51.   At the time that Ikens told the Franklins that only higher cash offers would be considered, she knew that the statement was false.

52.   Ikens told the Franklins this false information to dissuade them from making an offer on the home because of their race.

53.   Based on the false information Ikens provided to the Franklins which was intended to and did dissuade them from making an offer on the home because of their race, the Franklins did not consummate their offer because they believed that their offer would be rejected and their good faith efforts to purchase the home would be futile.

54.   Ikens and Beaudin coordinated their efforts to prevent the Franklins purchasing the 9934 Zukey Drive property because of their race.

55.   On or about September 10, 2020, the 9934 Zukey Drive home was listed as having a "pending offer."

56.   On or about October 28, 2020, the 9934 Zukey Drive property was listed as "sold" for $300,000.

57.   The home was purchased by a white man, Rick Desana.

58.   Desana did not purchase the home with cash but with a down

payment and a mortgage loan of $225,000.

59.     Upon information and belief, Desana was permitted to have the property at 9934 Zukey Drive inspected before he purchased the property.

60.     The Zukey Lake property sale price of $300,000 is the same amount that Verdell and Julie Franklin informed Ikens would be their starting offer on September 4, 2020.

61.     Real estate salesperson Christopher Lotz, a white man, represented Desana in the purchase.

62.     Beaudin was the listing agent on the sale.

63.     Ikens and Beaudin knew that the Franklins were interested in the Zukey Lake property and were prepared to offer more than $300,000.

64.     At no time after September 4, 2020 did Ikens or Beaudin reach out to the Franklins to inform them that there was not yet an offer on the Zukey Lake property.

65.     At no time after September 4, 2020, did Ikens or Beaudin  contact the Franklins and ask them if they wanted to  submit an offer on the Zukey Lake property.

66.     Defendant Rick Beaudin has a history of engaging in racially inappropriate behavior.

67.   In June of 2020, Beaudin was terminated from his former employer, RE/MAX Platinum, because he made public comments on his social media accounts in opposition to the Black Lives Matter movement.

68.   Upon information and belief, when KW Realty Livingston hired Beaudin after June of 2020, it was aware of the reason he was terminated from RE/MAX Platinum—namely, his history of espousing racial bias.

69.   Upon information and belief, Ikens, as a real estate salesperson employed by the same agency from which Beaudin was fired in June of 2020, was aware of the reasons for Beaudin's termination—that is, his history of espousing racial bias.

70.   Defendant Ikens was employed by RE/MAX Platinum as an agent at the time she refused to present Verdell and Julie Franklin's offer to purchase the Zukey Lake house.

71.   When the Franklins were dissuaded from purchasing the Zukey Lake home and later learned that it had been purchased by a white man under sale terms that they had conveyed to Defendants they were willing and able to meet, they were heart broken and outraged that they had been victims of blatant race discrimination.

72.   As a result of Defendants' discriminatory actions in denying the Franklins the fair and equal opportunity to purchase the Zukey Lake house

because of their race, the Franklins have suffered pain, humiliation, degradation, emotional distress, outrage, and the profound sadness of losing the opportunity to peacefully enjoy the company of family and friends at a lake house they had long hoped to purchase because of their race.

## Count I: Discrimination on the Basis of Race in Violation of the Fair Housing Act, 42 U.S.C. § 3604: Against All Defendants

73.     Plaintiffs incorporate the above allegations by reference here.

74.     The Fair Housing Act, 42 U.S.C. § 3604(a), makes it unlawful "to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin."

75.     The Fair Housing Act, 42 U.S.C. § 3604(b), makes it unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."

76.     Defendant Mary Kay Ikens, acting both as an individual real estate salesperson and as a licensed agent of Defendant RE/MAX Platinum, actively persuaded the Franklins not to submit their bona fide offer to purchase a

dwelling because of race.

77.    Defendant Mary Kay Ikens, acting both as an individual real estate salesperson and as a licensed agent of Defendant RE/MAX Platinum, imposed unfair conditions of sale—namely, cash-only and a higher sales price, and "as is"—on Verdell and Julie Franklin because of race.

78.    Defendant Rick Beaudin, acting both as an individual real estate salesperson and as a licensed agent of Defendant KW Realty Livingston, refused to present to his clients the Franklins' bona fide offer to purchase a dwelling because of race.

79.    Defendant Rick Beaudin, acting both as an individual real estate salesperson and as a licensed agent of Defendant KW Realty Livingston, imposed unfair conditions of sale—namely, cash-only and a higher sales price, and "as is"—on Verdell and Julie Franklin because of race.

80.    Defendants Rick Beaudin and KW Realty Livingston ultimately presented to their clients for acceptance a white man's offer of $300,000, financed by a mortgage loan, that they informed the Franklins, an interracial couple, would not have been acceptable.

81.    Defendants are licensed real estate professionals and agencies with a special duty under Michigan law to respect and abide by all state and federal fair housing laws; therefore, their violation of the Franklins' rights is

particularly egregious and shocking so as to justify the imposition of punitive damages.

82.   Defendants RE/MAX Platinum, KW Realty Livingston, and Mary Kay Ikens were at all relevant times aware of Defendant Beaudin's public statements of race bias, and his propensity for race bias.

83.   Nonetheless, Defendants coordinated their actions to deny the Franklins their right to purchase the Zukey Lake dwelling because of their race.

84.   As a result of Defendants' blatant violation of the Franklins' rights to be free from race discrimination in transactions and conditions of purchase of a dwelling, Verdell and Julie Franklin have suffered pain, humiliation, degradation, emotional distress, outrage, and the profound sadness of losing the opportunity to peacefully enjoy the company of family and friends at a lake house they had long hoped to purchase.

## Count II: Violation of the Property Rights of Citizens on the Basis of Race, 42 U.S.C. § 1982: Against all Defendants

85.   Plaintiff incorporates the above allegations by reference here.

86.   "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

87.     Verdell Franklin is a citizen of the United States and an African American man.

88.     Julie Franklin, through her 30-year marriage and shared children with Verdell Franklin, is so closely associated with him that discriminatory harm to him causes her injury as well.

89.     Defendants Mary Kay Ikens and Rick Beaudin, as well as the purchaser of the Zukey Lake house, Rick Sedana, and his agent, Christopher Lotz, are all white.

90.     Defendant Mary Kay Ikens, acting both as an individual real estate salesperson and as a licensed agent of Defendant RE/MAX Platinum, refused to present the Franklins' bona fide offer to purchase a dwelling because of Verdell Franklin's race and the Franklins' status as an interracial couple.

91.     Defendant Mary Kay Ikens, acting both as an individual real estate salesperson and as a licensed agent of Defendant RE/MAX Platinum, imposed unfair conditions of sale—namely, cash-only, a higher sales price, and "as is"—on Verdell Franklin because of his race and the Franklins because of their status as an interracial couple.

92.     Defendant Rick Beaudin, acting both as an individual real estate salesperson and as a licensed agent of Defendant KW Realty Livingston, refused to present to his clients the Franklins' bona fide offer to purchase a dwelling

14

because of Verdell Franklin's race and the Franklins' status as an interracial couple.

93.    Defendant Rick Beaudin, acting both as an individual real estate salesperson and as a licensed agent of Defendant KW Realty Livingston, imposed unfair conditions of sale—namely, cash-only, a higher sales price, and "as is"—on Verdell Franklin because of race and the Franklins because of their status as an interracial couple.

94.    Defendants Rick Beaudin and KW Realty Livingston ultimately presented to their clients for acceptance a white man's offer of $300,000, financed by a mortgage loan, that they informed the Franklins, an interracial couple, would not have been acceptable.

95.    Defendants are licensed real estate professionals and agencies with a special duty under Michigan law to respect and abide by all state and federal fair housing laws; therefore, their violation of Verdell Franklin's rights as a U.S. citizen is particularly egregious and shocking so as to justify the imposition of punitive damages.

96.    Defendants RE/MAX Platinum, KW Realty Livingston, and Mary Kay Ikens were at all relevant times aware of Defendant Beaudin's public statements of race bias, and his propensity for race bias.

97.    Nonetheless, Defendants coordinated their actions to prevent the Franklins from purchasing the Zukey Lake dwelling because of their race.

98.    As a result of Defendants' blatant violation of the Verdell Franklin's rights to be free from race discrimination in transactions and conditions of purchase of a dwelling, Verdell and Julie Franklin have suffered pain, humiliation, degradation, emotional distress, outrage, and the profound sadness of losing the opportunity to peacefully enjoy the company of family and friends at a lake house they had long hoped to purchase.

## Count III: Conspiracy to Violate Another Individual's Civil Rights in Violation of 42 U.S.C. § 1985: Against Defendants Ikens and Beaudin

99.    Plaintiff incorporates the above allegations by reference here.

100.   It is unlawful for two or more persons to "conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . ." 42 U.S.C. § 1985 (2).

101.   Verdell Franklin is a citizen of the United States and an African American man.

102.   Julie Franklin, through her 30-year marriage and shared children with Verdell Franklin, is so closely associated with him that discriminatory harm to him causes her injury as well.

16

103. Defendants Mary Kay Ikens and Rick Beaudin conspired and coordinated to deny Verdell Franklin his equal rights under the Fair Housing Act, 42 U.S.C. § 1982, the Elliott Larsen Civil Rights Act, the Equal Protection clause of the US Constitution, and other laws to purchase the Zukey Lake home because of their race.

104. Defendants are licensed real estate professionals and agencies with a special duty under Michigan law to uphold and abide by all state and federal fair housing laws; therefore, their violation of Verdell Franklin's rights is particularly egregious and shocking so as to justify the imposition of punitive damages.

105. Defendant Mary Kay Ikens was at all relevant times aware of Defendant Beaudin's public statements of race bias, and his propensity for race bias.

106. Nonetheless, Defendant Ikens colluded and coordinated with Beaudin to violate the laws of Michigan by preventing the Franklins from purchasing the Zukey Lake property because of their race.

107. Defendants Ikens and Beaudin violated the Michigan real estate laws and regulations they are licensed to uphold and thereby denied the Franklins the equal protection of federal and state laws because of race bias.

108.   As a result of Defendants' blatant violation of Verdell Franklin's rights to be free from race discrimination in transactions and conditions of purchase of a dwelling, Verdell and Julie Franklin have suffered pain, humiliation, degradation, emotional distress, outrage, and the profound sadness of losing the opportunity to peacefully enjoy the company of family and friends at a lake house they had long hoped to purchase.

### Count III: Conspiracy to Violate Another Individual's Civil Rights in Violation of 42 U.S.C. § 1986: Against KW Realty Livingston and RE/MAX Platinum

109.   Plaintiffs incorporate the above allegations by reference here.

110.   Individuals who are aware of a conspiracy to violate another's rights and do not act to prevent or aid in preventing the commission of that conspiracy, shall be liable for the injuries caused should that wrongful act be committed. 42 U.S.C. § 1986.

111.   Defendants Mary Kay Ikens and Rick Beaudin conspired and coordinated to deny Verdell Franklin his equal rights under the Fair Housing Act, 42 U.S.C. § 1982, the Elliott Larsen Civil Rights Act, the Equal Protection clause of the US Constitution, and other laws to purchase the Zukey Lake home because of their race.

112.   Upon information and belief, Defendants KW Realty Livingston and RE/MAX Platinum were aware of the conspiracy between Defendants Ikens and

Beaudin to prevent the Franklins from purchasing the Zukey Lake home because of their race, and did not act to prevent the conspiracy that denied the Franklins the right to buy this home.

113.   Defendants KW Realty Livingston and RE/MAX Platinum are real estate agencies with a special duty under Michigan law to uphold and abide by all state and federal fair housing laws; therefore, their failure to intervene in the race discrimination in violation of Verdell Franklin's rights is particularly egregious and shocking so as to justify the imposition of punitive damages.

114.   As a result of Defendants' blatant violation of Verdell Franklin's rights to be free from race discrimination in transactions and conditions of purchase of a dwelling, Verdell and Julie Franklin have suffered pain, humiliation, degradation, emotional distress, outrage, and the profound sadness of losing the opportunity to peacefully enjoy the company of family and friends at a lake house they had long hoped to purchase.

## Count IV: Discrimination in Real Estate Transactions in Violation of the Elliott-Larsen Civil Rights Act, MCL  37.2101 et seq. ("ELCRA"): Against All Defendants

115.   Plaintiffs incorporate the above allegations by reference here.

116.   The ELCRA prohibits real estate salespersons from refusing to engage in a real estate transaction because of the person's race. MCL 37.2502(a)

117.   The ELCRA prohibits real estate salespersons from discriminating against a person in the terms, conditions, or privileges of a real estate transaction on the basis of race. MCL 37.2502(b).

118.   The ELCRA prohibits a real estate salesperson from refusing to negotiate with a person on the basis of race. MCL 37.2502(d).

119.   Defendants are all "real estate brokers or salespersons" within the meaning of MCL 37.1501(c).

120.   Defendant Mary Kay Ikens, acting both as an individual real estate salesperson and as a licensed agent of Defendant RE/MAX Platinum, refused to present the Franklins' bona fide offer to purchase a dwelling because of race.

121.   Defendant Mary Kay Ikens, acting both as an individual real estate salesperson and as a licensed agent of Defendant RE/MAX Platinum, imposed unfair conditions of sale—namely, cash-only, a higher sales price, and "as is"—on Verdell and Julie Franklin because of race.

122.   Defendant Rick Beaudin, acting both as an individual real estate salesperson and as a licensed agent of Defendant KW Realty Livingston, refused to present to his clients the Franklins' bona fide offer to purchase a dwelling because of race.

123.   Defendant Rick Beaudin, acting both as an individual real estate salesperson and as a licensed agent of Defendant KW Realty Livingston,

20

imposed unfair conditions of sale—namely, cash-only, a higher sales price, and "as is"—on Verdell and Julie Franklin because of race.

124.   Defendants Rick Beaudin and KW Realty Livingston ultimately accepted a white man's offer of $300,000, financed by a mortgage loan, that they informed the Franklins, an interracial couple, would not have been acceptable.

125.   Defendants RE/MAX Platinum, KW Realty Livingston, and Mary Kay Ikens were at all relevant times aware of Defendant Beaudin's public statements of race bias, and his propensity for race bias.

126.   Nonetheless, Defendants coordinated their actions to prevent the Franklins from purchasing the Zukey Lake dwelling because of their race.

127.   As a result of Defendants' blatant violation of the Franklins' rights to be free from race discrimination in transactions and conditions of purchase of a dwelling, Verdell and Julie Franklin have suffered pain, humiliation, degradation, emotional distress, outrage, and the profound sadness of losing the opportunity to peacefully enjoy the company of family and friends at a lake house they had long hoped to purchase.

## Request for Relief

Because of Defendants' above-described joint and several violations of Plaintiff's rights under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*., 42 U.S.C. §§ 1982, 1985, and 1986, and the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*, Plaintiffs seek the following relief as authorized by 42 U.S.C. § 3613(c), 42 U.S.C. § 1988, and MCL 37.2801-03:

a.   Actual damages;

b.   Damages related to emotional distress, embarrassment, and humiliation caused by the extremely discriminatory treatment Plaintiffs have endured;

c.   Damages related to the loss of the opportunity for the peaceful and quiet enjoyment of the home they wished to purchase;

d.   Injunctive relief in the form of imposing conditions for remediation, such as training, upon Defendants and ongoing supervision by the Court for their compliance with civil rights laws pertaining to real estate;

e.   Injunctive relief requiring Defendants Ikens and Beaudin to surrender their real estate licenses;

f.   Punitive damages for the discriminatory statements made by

Defendants, their knowledge of the illegality of their actions under federal and state law, and the egregiousness of their unlawful conduct;

g.   Attorneys' fees and costs, as well as expert fees; and

h.   Any and all other remedies as the Court deems appropriate.

Respectfully submitted,

**PITT MCGEHEE PALMER
 BONANNI & RIVERS, P.C.**

*/s/Robin B. Wagner*
Cary S. McGehee (P42318)
Robin B. Wagner (P79408)
Attorneys for Plaintiffs
117 W. Fourth Street, Suite 200
Royal Oak, MI  48067
248-398-9800
cmcgehee@pittlawpc.com
rwagner@pittlawpc.com

Dated:  January 15, 2021

23

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Verdell and Julie Franklin

           Plaintiffs,          Case No.

v.                               Hon.
                               United States District Judge

Richard M. "Rick" Beaudin, Mary Kay Ikens, The Michigan Group, Inc – Livingston d/b/a RE/MAX Platinum, and Dominick Comer & Associates, Incorporated d/b/a KW Realty Livingston,     Magistrate Judge

           Defendants.
_____

## DEMAND FOR JURY BY TRIAL

     Plaintiffs, by and through their attorneys, Pitt McGehee Palmer Bonanni & Rivers, P.C., hereby demand a trial by jury of all issues in the within cause of action.

                    **PITT MCGEHEE PALMER
                     BONANNI & RIVERS**

                    By:   */s/Robin B. Wagner*
                    Cary S. McGehee (P42318)
                    Robin B. Wagner (P79408)
                    Attorneys for Plaintiff
                    117 W. Fourth Street, Suite 200
                    Royal Oak, MI  48067
                    248-398-9800
                    cmcgehee@pittlawpc.com
                    rwagner@pittlawpc.com

Dated:  January 15, 2021